Anthony J. Anscombe (SBN 135883)
Johanna Oh (SBN 316681)
**STEPTOE & JOHNSON LLP**
One Market Plaza
Spear Tower, Suite 3900
San Francisco, California 94105
Telephone:   (415) 365-6712
Facsimile:    (415) 365-6699
*aanscombe@steptoe.com*
*joh@steptoe.com*

Sarah D. Gordon (*pro hac vice* forthcoming)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue NW
Washington, District of Columbia 20036
Telephone:   (202) 429-3000
Facsimile:    (202) 429-3902
*sgordon@steptoe.com*

*Attorneys for Defendant Sentinel Insurance Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLGAN, an individual d/b/a JAMES COLGAN UNION SQUARE and JAMES COLGAN POTRERO HILL<br><br>Plaintiff,<br><br>vs.<br><br>SENTINEL INSURANCE COMPANY, LTD., a Connecticut corporation, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL BY SENTINEL INSURANCE COMPANY, LTD.**<br><br>[28 U.S.C. §§ 1332, 1441 & 1446]<br><br>[Removal from the Superior Court of the State of California, San Francisco County, Case No. CGC-20-584616]<br><br>Complaint Filed: June 1, 2020<br>Complaint Served: June 17, 2020<br>Removal Date: July 16, 2020 |

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Sentinel Insurance Company, Ltd. ("Sentinel") hereby removes this action from the Superior Court of the State of California for San Francisco County, where it is pending as Case No. CGC-20-584616, to the United States District Court for the Northern District of California. True and correct copies of the Plaintiff's Complaint and all process, pleadings, and orders served on Sentinel in the state-court action are attached hereto as **Exhibits A-C** and incorporated herein by this reference. This Notice of Removal is timely filed within thirty (30) days of service, in accordance with 28 U.S.C. § 1446(b).

The U.S. District Court for the Northern District of California has jurisdiction over this action under 28 U.S.C. § 1332 because (i) there is complete diversity of citizenship between Sentinel and Plaintiff James Colgan, an individual d/b/a James Colgan Union Square and James Colgan Potrero Hill ("Plaintiff"); and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs. The citizenship of unidentified defendants "DOES 1 to 20, inclusive" is disregarded for purposes of evaluating diversity.

I.   **BACKGROUND**

Plaintiff is the owner and sole proprietor of a "well known, high-end hair styling salon" with two locations in San Francisco, California. *See* Ex. A, Compl. ("Compl.") ¶ 1. Sentinel is informed and believes that the hair styling salons are operating under the names James Colgan Union Square and James Colgan Potrero Hill. *See id.*

Sentinel issued to James Colgan Hair Salon[1] Spectrum Business Owner's Policy No. 57 SBA BD4683 (the "Policy") for the period of August 15, 2019 through August 15, 2020. *See id.* ¶ 6, Ex. 1. According to the Complaint, the Policy "provid[es], *inter alia*, insurance coverage for 'Business Income and Extra Expense' – sometimes referred to as 'business interruption' coverage – resulting from 'direct physical loss of or physical damage to Covered Property at the

---

[1] The Policy, which is attached to Plaintiff's Complaint as Exhibit 1, names the insured as "James Colgan Hair Salon." *See* Compl., Ex. 1, Form SS 00 02 12 06, at 1.

premises' described in the Policy." *Id.* ¶ 6. Plaintiff alleges that the "premises" covered by the Policy "include[] three locations where, at all times relevant hereto, Plaintiff maintained his hair styling business in San Francisco, California." *Id.*

Plaintiff alleges that as a result of orders issued by the Department of Public Health, City and County of San Francisco, and the Public Health Officer of the State of California, Plaintiff "was physically unable to utilize his business premises and thus lost the physical use thereof." *Id.* ¶¶ 7-10. According to the Complaint, the San Francisco Department of Public Health's March 17, 2020 order, amended on March 31, 2020, required "all people in San Francisco to shelter in place at their residences" and "for all businesses in San Francisco to cease all but specified limited operations at facilities located within" San Francisco County. *Id.* ¶ 7. The Complaint also states that an order, effective March 19, 2020, issued by the Public Health Officer of the State of California "generally mandat[ed] that all individuals living in the State of California stay home or at their place of residence but for limited essential outings." *Id.* ¶ 8.

The Complaint alleges that these orders "were issued for public health reasons as a result of a pandemic of a disease called coronavirus 2019, or COVID-19," from which "Plaintiff did not suffer … nor was there evidence that it existed or even threatened his business establishment." *Id.* ¶ 9. As a result of these government orders, Plaintiff alleges he was "physically unable to utilize his business premises and thus lost the physical use thereof." *Id.* ¶ 10. Plaintiff alleges that he made a claim to Sentinel for "business interruption coverage" that was denied "by two letters, both dated March 22, 2020.'" *Id.* ¶¶ 11-12. On June 1, 2020, Plaintiff filed a Complaint, dated May 25, 2020, against Sentinel and unnamed "DOES 1 to 20, inclusive" in the Superior Court of California, San Francisco County. Plaintiff effected service on Sentinel on June 17, 2020.

The Complaint brings two causes of action: one for breach of contract and another for declaratory relief. As part of the breach of contract claim, Plaintiff alleges that under the Policy, Sentinel "had a duty to pay for Plaintiff's 'actual loss of Business Income … sustain[ed] due to the necessary suspension of [his] 'operations' during a 'period of restoration' … caused by direct physical loss of *or* damage to the [insured property].'" *Id.* ¶ 14 (emphasis in original). Plaintiff

alleges that Sentinel has breached the Policy provisions by "fail[ing] and refus[ing] to pay" those sums which are "due and owing" to Plaintiff. *Id.* Plaintiff contends that he "is, has been, and will continue to be damaged in that amount, as well as other damages caused by the failure to pay the promised sum," but does not specify the amount of loss. *Id.* ¶ 16.

Plaintiff's declaratory relief cause of action is brought under California Code of Civil Procedure § 1050 *et seq*. *See* Compl. ¶¶ 18-20. Plaintiff alleges that an actual controversy exists between Sentinel and Plaintiff regarding their respective rights and duties, and that "he is entitled to the Policy proceeds and benefits, and damages, claimed herein," despite Sentinel's disagreement. *Id.* ¶ 19. Plaintiff thus seeks "judicial determination of his rights regarding the Policy and a declaration from the court affirming them," and that such declaration is "necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain those rights and duties and enforce them under the law." *Id.* ¶ 20. Plaintiff purportedly "continues to suffer business/economic losses which threaten his business operation and may require closure if he is not properly paid what Defendants owe under the Policy," and will, as a result, "suffer substantial and significant injury" if the relief he seeks is not granted. *Id.*

Plaintiff asks the Court to award general and special damages, resolve the controversy between Plaintiff and Sentinel with respect to the aforementioned issues, and for any such other relief that may be proper.

## II.    BASIS FOR REMOVAL

Sentinel removes this case based on diversity of citizenship in accordance with 28 U.S.C. § 1332. This action involves a controversy between citizens of different states and an amount in controversy that exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332, 1441, & 1446.

### A.    There Is Complete Diversity of Citizenship Between Sentinel and Plaintiff

The parties are completely diverse from one another. Sentinel is a Connecticut corporation with its principal place of business in Hartford, Connecticut. It is deemed to be a citizen of Connecticut for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1)

(domestic corporations are citizens of both the state in which they are incorporated and the state in which they maintain a principal place of business).

Based on its reasonable investigation, Sentinel states that Plaintiff is a citizen of California. *See In re: Volkswagen 'Clean Diesel' Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2019 WL 670608, at *4-*5 (N.D. Cal. Feb. 19, 2019) (citing *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1084-86 (9th Cir. 2014)) (holding that a defendant that removes an action to federal court under 28 U.S.C. § 1332(a) may allege jurisdictional facts on "information and belief" where information about the citizenship of an opposing party was not reasonably available at this stage of the proceedings). Plaintiff alleges that he is an "individual" who is the "owner and sole proprietor" of an established hair styling salon at two locations in San Francisco, California. *See* Compl. ¶ 1. Sentinel is unaware of any facts that indicate that Plaintiff is a citizen of Connecticut.

Because Plaintiff is a citizen of a state different than the citizenship state of that of Sentinel, whose citizenship may be considered for purposes of diversity jurisdiction (see below), this action is "between— (1) citizens of different states." As a result, Section 1332's requirement of complete diversity of citizenship has been satisfied.

**B.     The Citizenship of "DOES 1 to 20" Is Irrelevant to the Diversity Analysis**

The citizenship of "DOES 1 to 20" has no bearing on this Court's subject matter jurisdiction under Section 1332(a). *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of diversity jurisdiction under section 1332(a) of [Title 28], the citizenship of defendants sued under fictitious names shall be disregarded."). The Complaint provides no information from which Sentinel or this Court could determine the identity or citizenship of "DOES 1 to 20." *See Gardiner Family, LLC v. Crimson Resource Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) (citations omitted) ("[W]here, as here, the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action, the Court may disregard these fictitious defendants for jurisdictional purposes.").

### C. The Amount in Controversy Exceeds $75,000

The amount in controversy in this action exceeds $75,000, as required by 28 U.S.C. § 1332(a). Where, as here, a complaint does not seek a specific amount of damages, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If that amount is challenged, a court must determine whether the jurisdictional threshold is satisfied based on a preponderance of the evidence. *Id.* at 88. In addition,"[i]n actions seeking declaratory relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1977)); *see also Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (amount in controversy in an insurance coverage dispute was the "value of the underlying potential tort action" for which the insured had submitted a claim for indemnity and a defense to its insurer).

Plaintiff does not quantify his alleged damages, but Plaintiff's allegations demonstrate that the amount in controversy likely exceeds $75,000, exclusive of interests and costs. Plaintiff's hair salon is alleged to be "well known" and "high-end" with two locations in San Francisco, California. *See* Compl. ¶ 1. Plaintiff alleges that because of stay-at-home orders issued by state and local officials in mid-March of 2020, "Plaintiff was physically unable to utilize his business premises and thus lost the physical use" of his hair styling salons. *Id.* ¶¶ 1, 7-10.

On June 1, 2020, Plaintiff filed his complaint with the San Francisco County Superior Court, dated and signed on May 25, 2020, and alleged that he had and "continue[d] to suffer business/economic losses which threaten[ed] his business operation and may require closure if he [was] not promptly paid" under the Policy. *Id.* ¶¶ 16, 20. The stay-at-home order issued by the San Francisco County Department of Public Health that allegedly caused Plaintiff to incur "business/economic losses" appears to still remain in place because the San Francisco County Health Officer "was compelled to pause the planned reopening of" personal service businesses,

including hair salons, due to the rise of COVID-19 cases in San Francisco.[2]  Plaintiff also represents on his business website that his salons are "temporarily closed and will open with Phase 3 businesses."

As of the date of removal, Plaintiff's business appears to have been closed for nearly four months, with no date set yet for reopening.  Plaintiff will therefore likely seek a sum in excess of $75,000.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) (clarifying that the amount in controversy "is not limited to damages incurred prior to removal" and is instead "determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious").

Sentinel denies that Plaintiff is entitled to any recovery at all.  However, the evidence supports a plausible allegation that the amount in controversy exceeds $75,000.

### III.  VENUE

Venue is proper in this federal judicial district and division.  *See* 28 U.S.C. §§ 84(a), 1441(a).  This action was originally filed in the Superior Court of California for San Francisco County.  The United States District Court for the Northern District of California is the federal judicial district in which the San Francisco County Superior Court sits.

///
///
///
///
///
///
///

---

[2] *See* San Francisco Dep't of Public Health, *Summary of Anticipated Operating Conditions for Business Providing Hair, Barber, Nail, Body Art, Skin Care, Massage, Cosmetology, and Certain Other Personal Services in a Non-Healthcare Setting* (July 1, 2020), https://www.sfdph.org/dph/alerts/covid-guidance/Preliminary-Anticipated-Guidance-Personal-Service.pdf; *see also Reopening San Francisco*, SF.gov (last updated July 10, 2020), https://sf.gov/step-by-step/reopening-san-francisco (last visited July 16, 2020).

## IV. CONCLUSION

For the foregoing reasons, Defendant Sentinel Insurance Co., Ltd. respectfully provides notice of the removal of this action to this Court, and respectfully requests that this Court proceed as if this case had been originally filed in this Court. Immediately upon the filing of this Notice of Removal, Sentinel will file a copy of this Notice with the Clerk of the Superior Court for the State of California, San Francisco, and will serve the Notice upon counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d).

DATED: July 16, 2020              STEPTOE & JOHNSON LLP

By: */s/ Anthony Anscombe*
    Anthony Anscombe

*Attorneys for Defendant Sentinel Insurance Co., Ltd.*