1  Anthony J. Anscombe (SBN 135883)
2  Johanna Oh (SBN 316681)
   **STEPTOE & JOHNSON LLP**
3  One Market Plaza
   Spear Tower, Suite 3900
4  San Francisco, California 94105
   Telephone:    (415) 365-6712
5  Facsimile:    (415) 365-6699
   *aanscombe@steptoe.com*
6  *joh@steptoe.com*

7  Sarah D. Gordon (*pro hac vice pending*)
   **STEPTOE & JOHNSON LLP**
8  1330 Connecticut Avenue NW
   Washington, District of Columbia 20036
9  Telephone:    (202) 429-3000
   Facsimile:    (202) 429-3902
10 *sgordon@steptoe.com*

11 *Attorneys for Defendant Sentinel*
   *Insurance Co., Ltd.*
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15 JAMES COLGAN, an individual d/b/a
   JAMES COLGAN UNION SQUARE and        Case No.:  4:20-cv-04780-HSG
16 JAMES COLGAN POTRERO HILL
                                        **DEFENDANT SENTINEL INSURANCE
17           Plaintiff,                 COMPANY, LTD.'S ANSWER AND
                                        AFFIRMATIVE DEFENSES TO
18      vs.                             COMPLAINT**

19 SENTINEL INSURANCE COMPANY,          **DEMAND FOR JURY TRIAL**
   LTD., a Connecticut corporation, and DOES 1
20 to 20, inclusive,                    Judge:  Hon. Haywood S. Gilliam, Jr.
                                        Courtroom: 2 – 4th Floor
21           Defendants.                Trial Date:  None Set

22

23

24

25

26

27

28

Defendant Sentinel Insurance Company, Ltd. ("Sentinel"), by undersigned counsel, hereby responds to the Complaint of Plaintiff James Colgan, an individual d/b/a James Colgan Union Square and James Colgan Potrero Hill ("Plaintiff") as follows:

### RESPONSES TO THE PARTIES, JURISDICTION AND VENUE

1.      On information and belief, Sentinel admits the truth of the allegations of Paragraph 1.

2.      Sentinel admits that at all relevant times it has been authorized to conduct business and is transacting the business of insurance in California.  Sentinel admits that it issued to James Colgan Hair Salon[1] a Spectrum Business Owner's Policy No. 57 SBA BD4683 (the "Policy"), the terms, conditions, and exclusions of which speak for themselves.  Sentinel denies the remaining allegations of Paragraph 2.

3.      Sentinel denies the allegations of Paragraph 3.

4.      Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations in Paragraph 4 given their vagueness, and therefore denies same.

5.      Paragraph 5 asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel does not dispute venue is proper in this Court, but denies that any obligations were to be performed.  Sentinel denies any remaining allegations of Paragraph 5.

### RESPONSES TO GENERAL ALLEGATIONS

6.      Sentinel admits that it issued to James Colgan Hair Salon the Policy for the period from August 15, 2019 to August 15, 2020, and admits that the insured under the Policy has made certain premium payments due under the Policy.  The terms, conditions and exclusions of the Policy speak for themselves.  Sentinel denies the allegations in the first sentence of paragraph 6 to the extent that Plaintiff has mis-stated or mischaracterized the terms, conditions, and exclusions of the Policy.  Sentinel admits that the Policy lists three locations under the

---

[1] The Named Insured listed in the Policy at issue is "James Colgan Hair Salon."

"Spectrum Policy Declarations" page, the terms, conditions and exclusions of which speak for themselves.  On information and belief, Sentinel admits that Plaintiff maintained his hair styling business in San Francisco, California, but is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in the second sentence of Paragraph 6, and therefore denies same.  Sentinel is informed and believes that portions of the Policy are attached as Exhibit 1 to the Complaint, but it appears not to be in the correct order.  Sentinel appends hereto as Exhibit A to this Answer a true and correct copy of the Policy issued to James Colgan Hair Salon.  Sentinel denies any remaining allegations of Paragraph 6.

7.      In response to Paragraph 7, Sentinel admits that the Department of Public Health, City and County of San Francisco implemented a shelter-in-place order on March 16, 2020, which was amended by subsequent orders, including on March 31, 2020.  The content of this order speaks for itself.  Sentinel denies the allegations of Paragraph 7 to the extent that Plaintiff has mis-stated or mischaracterized the content of the Department of Public Health, City and County of San Francisco's order, and further denies any remaining allegations of Paragraph 7.

8.      In response to Paragraph 8, Sentinel admits that the Governor of the State of California issued Executive Order N-33-20 on March 19, 2020.  The content of this order speaks for itself.  Sentinel denies the allegations of Paragraph 8 to the extent that Plaintiff has mis-stated or mischaracterized the contents of Executive Order N-33-20, and further denies any remaining allegations of Paragraph 8.

9.      Sentinel admits that the orders were issued to protect public health from the virus. Sentinel is without knowledge or information sufficient to form a reasonable belief as to the truth and accuracy of the remaining allegations of Paragraph 9, and therefore denies same.

10.      Sentinel denies the allegations of Paragraph 10.

11.      Sentinel admits that Plaintiff made a claim for potential loss of business income. Sentinel denies any and all remaining allegations of Paragraph 11.

12.      Sentinel admits that Eric Franklin, whose email address is Eric.Franklin@thehartford.com, issued a letter dated March 22, 2020 on The Hartford

Commercial Property Center letterhead, denying James Colgan Hair Salon's claim under the Policy.  The letter and the Policy speak for themselves.  Sentinel denies the remaining allegations of Paragraph 12.

**RESPONSES TO FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

13.     In response to Paragraph 13, Sentinel re-alleges and incorporates by reference its responses to paragraphs 1 through 12 above as if set forth fully herein.

14.     Paragraph 14 asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel admits that it issued the Policy to James Colgan Hair Salon, and that the terms, conditions, and exclusions of the Policy speak for themselves. Sentinel denies that it breached the Policy.  Sentinel denies any remaining allegations of Paragraph 14.

15.     Paragraph 15 asserts legal conclusions to which no response is required.  To the extent a response is required Sentinel is without knowledge or information sufficient to form a reasonable belief as to the truth and accuracy of the allegations in Paragraph 15, and therefore denies same.

16.     Paragraph 16 asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 16.

In response to Plaintiff's prayer, Plaintiff asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies that Plaintiff is entitled to the relief requested in his prayer or any other requested relief.

**RESPONSES TO SECOND CAUSE OF ACTION: DECLARATORY RELIEF**

17.     In response to Paragraph 17, Sentinel re-alleges and incorporates by reference its responses to Paragraphs 1 through 16 above as if set forth fully herein.

18.     Paragraph 18 asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel admits that Plaintiff seeks declaratory relief, but denies that Plaintiff is entitled to a declaration in his favor or any other requested relief, and further denies any remaining allegations of Paragraph 18.

19.     Paragraph 19 asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel admits that a controversy exists between Plaintiff and Sentinel, but denies that Plaintiff is entitled to a declaration in his favor or any other requested relief, and further denies any remaining allegations of Paragraph 19.

20.     Paragraph 20 asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel admits that Plaintiff seeks declaratory relief, but denies that Plaintiff is entitled to a declaration in his favor or any relief whatsoever from Sentinel. Sentinel denies any and all remaining allegations of Paragraph 20.

## RESPONSE TO PRAYER

Sentinel denies that Plaintiff is entitled to the relief requested in his Prayer or any other requested relief.

## AFFIRMATIVE DEFENSES

Sentinel asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action.  The statement of any defense herein does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

(Failure to state a claim)

The Complaint fails to state a cause of action upon which relief is granted.

### SECOND AFFIRMATIVE DEFENSE

(Virus Exclusion)

The Policy contains an exclusion titled "Fungi, Bacteria or Virus Exclusions."  *See* Ex. A, Form SS 40 93 07 05, at 1.  Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the "Fungi, Bacteria or Virus Exclusions."

1

THIRD AFFIRMATIVE DEFENSE

2

(Virus – Limited Additional Coverage Limits)

3   The Policy contains provisions titled "Limited Fungi, Bacteria or Virus Coverage."  *See*

4   Ex. A, Form SS 40 93 07 05, at 1.  Plaintiff's claims are barred or limited, in whole or in part, by

5   the time period and/or sub-limits applicable to the "Limited Fungi, Bacteria or Virus Coverage"

6   provisions.

7

FOURTH AFFIRMATIVE DEFENSE

8

(Comparative fault, waiver, estoppel, and unclean hands)

9   Plaintiff's claims are barred or limited, in whole or in part, by the doctrines of comparative

10   fault, waiver, estoppel, and/or unclean hands.

11

FIFTH AFFIRMATIVE DEFENSE

12

(Merger clause)

13   The Policy is the sole agreement between Plaintiff and Sentinel, and Sentinel did not breach

14   any Policy terms.  Any written directive, order, or other writing not between Sentinel and its

15   policyholder cannot change, amend, or supplement the contractual arrangement between the

16   parties.

17

SIXTH AFFIRMATIVE DEFENSE

18

(Terms of the Policy are controlling)

19   Sentinel's obligations in the Policy are defined, limited, and controlled by the terms and

20   conditions of the Policy, including, but not limited to, the coverages, limits, sub-limits, exclusions,

21   endorsements, conditions, and all other terms set forth therein.

22

SEVENTH AFFIRMATIVE DEFENSE

23

(Failure to comply with Policy)

24   Plaintiff's claims are barred or limited, in whole or in part, to the extent that Plaintiff failed

25   to perform his obligations under the Policy.

26

27

28

---

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
4:20-cv-04780-HSG

1

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

2

(Losses not covered by Policy)

3
Plaintiff's claims are barred or limited, in whole or in part, to the extent Plaintiff seeks

4
relief for damages or losses not covered by the Policy.

5

<u>NINTH AFFIRMATIVE DEFENSE</u>

6

(Two or more coverages)

7
The Policy contains a General Condition titled "Insurance Under Two or More Coverages."

8
*See* Ex. A, Form SS 00 05 10 08, at 2.  Plaintiff's claims are limited, in whole or in part, to the

9
extent the Insurance Under Two Or More Coverages provision is applicable to the loss or damage.

10

<u>TENTH AFFIRMATIVE DEFENSE</u>

11

(Other insurance)

12
Plaintiff's claims are barred or limited, in whole or in part, to the extent other insurance or

13
contributing insurance is applicable to the alleged loss or damage.

14

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

15

(Failure to exhaust other insurance coverage)

16
Plaintiff's claims are barred or limited, in whole or in part, because Plaintiff has not

17
demonstrated exhaustion of coverage for losses under other more specific insurance policies.

18

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

19

(Deductibles, Sub-limits)

20
Plaintiff's claims are barred or limited, in whole or in part, by applicable deductibles,

21
retentions, and/or limits and sub-limits (including per occurrence limits) contained in the Policy.

22

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

23

(Outside Period of Restoration)

24
Plaintiff's claims are barred or limited, in whole or in part, to the extent Plaintiff seeks to

25
recover for loss incurred outside the Period of Restoration.

26

27

28

FOURTEENTH AFFIRMATIVE DEFENSE

(Law or Public Policy)

Plaintiff's claims are barred or limited, in whole or in part, to the extent coverage is excluded by express provisions of law or public policy.

FIFTEENTH AFFIRMATIVE DEFENSE

(Conditions precedent and subsequent)

Plaintiff's claims are barred or limited, in whole or in part, to the extent that conditions precedent and subsequent to the availability of insurance coverage under the Policy have not been satisfied.

SIXTEENTH AFFIRMATIVE DEFENSE

(Offset)

Sentinel's obligation to Plaintiff, if any, is subject to offset for recoveries by Plaintiff from other persons or entities.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Valuation Clause)

Plaintiff's claims are limited, in whole or in part, by the valuation provisions in the Policy.

EIGHTEENTH AFFIRMATIVE DEFENSE

(No "direct physical loss")

Plaintiff's claims are barred or limited, in whole or in part, to the extent there is no direct physical loss of or direct physical damage to covered property.

NINETEENTH AFFIRMATIVE DEFENSE

(No "direct physical loss" – Business Interruption)

Plaintiff's claims are barred or limited, in whole or in part, because the interruption to Plaintiff's business, if any, was not due to the direct physical loss of or direct physical damage to property caused by or resulting from a covered cause of loss.

1

### TWENTIETH AFFIRMATIVE DEFENSE

2

(Covered Cause of Loss)

3          Plaintiff's claims are barred or limited, in whole or in part, to the extent he cannot

4   demonstrate a Covered Cause of Loss, as defined in the Policy.  *See* Ex. A, Form SS 00 07 07

5   05, at 2.

6

### TWENTY-FIRST AFFIRMATIVE DEFENSE

7

(Ordinance or Law - Limits)

8          The Policy contains an Additional Coverage provision for "Ordinance or Law."  *See* Ex.

9   A, Form SS 00 07 07 05, at 7-9.  Plaintiff's claims are barred or limited, in whole or in part, by the

10   time period and/or sub-limits applicable to the Ordinance or Law provision.

11

### TWENTY-SECOND AFFIRMATIVE DEFENSE

12

(Pollution Exclusion)

13          The Policy contains an exclusion titled "Pollution."  *See* Ex. A, Form SS 00 07 07 05, at

14   17-18.  Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged

15   loss or damage, if any, is excluded by the "Pollution" exclusion.

16

### TWENTY-THIRD AFFIRMATIVE DEFENSE

17

(Ordinance or Law Exclusion)

18          The Policy contains an exclusion titled "Ordinance or Law."  *See* Ex. A, Form SS 00 07

19   07 05, at 7-9.  Plaintiff's claims are barred or limited, in whole or in part, to the extent that the

20   alleged loss or damage, if any, is excluded by the Ordinance or Law exclusion.

21

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22

(Consequential Losses Exclusion)

23          The Policy contains an exclusion titled "Consequential Losses."  *See* Ex. A, Form SS 00

24   07 07 05, at 17.  Plaintiff's claims may be barred or limited, in whole or in part, to the extent that

25   the alleged loss or damage, if any, is excluded by the Consequential Losses exclusion.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Civil Authority – Limits)

The Policy contains an Additional Coverage provision for "Civil Authority."  *See* Ex. A, Form SS 00 07 07 05, at 11.  Plaintiff's claims are barred or limited, in whole or in part, by the time period and/or sub-limits, if any, applicable to the Civil Authority provision.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Business Income from Dependent Properties – Limits)

The Policy contains an Additional Coverage provision for "Business Income from Dependent Properties."  *See* Ex. A, Form SS 00 07 07 05, at 11-12; Form SS 04 08 09 07, at 6. Plaintiff's claims are barred or limited, in whole or in part, by the time period and/or sub-limits, if any, applicable to the Business Income from Dependent Properties provision.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Extended Business Income – Limits)

The Policy contains an Additional Coverage provision for "Extended Business Income." *See* Ex. A, Form SS 00 07 07 05, at 11; Form SS 04 08 09 07, at 6.  Plaintiff's claims are barred or limited, in whole or in part, by the time period and/or sub-limits, if any, applicable to the Extended Business Income provision.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Extra Expense – Limits)

The Policy contains an Additional Coverage provision for "Extra Expense."  *See* Ex. A, Form SS 00 07 07 05, at 10-11.  Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits applicable to the Extra Expense provision.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Acts, Errors or Omissions – Exclusion)

The Policy contains an exclusion titled "Acts, Errors or Omissions."  *See* Ex. A, Form IH 10 01 09 86, at 1.  Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Acts, Errors or Omissions exclusion.

THIRTIETH AFFIRMATIVE DEFENSE

(Acts or Decisions - Exclusion)

The Policy contains an exclusion titled "Acts or Decisions.  *See* Ex. A, Form SS 00 07 07 05, at 18.  Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Acts or Decisions exclusion.

THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure to mitigate)

Plaintiff's claims are barred or limited, in whole or in part, to the extent that Plaintiff failed to mitigate damages, if any.  To the extent Plaintiff failed to take reasonable steps to mitigate Plaintiff's alleged damages, if any, Plaintiff should be denied any recovery in this action.

THIRTY-SECOND AFFIRMATIVE DEFENSE

(Named or additional insured)

Plaintiff's claims are barred or limited, in whole or in part, to the extent that Plaintiff is not a named or additional insured under the Policy.

THIRTY-THIRD AFFIRMATIVE DEFENSE

(Reservation of future defenses)

Plaintiff's claims are barred or limited, in whole or in part, by additional defenses that cannot now be articulated because of the generality of the pleadings, and other presently undeveloped information.  Accordingly, Sentinel reserves the right to supplement the foregoing defenses as may appear as this case progresses to the full extent permissible by law.

**PRAYER FOR RELIEF**

WHEREFORE, based on the above answer and defenses, Sentinel respectfully requests that the Court enter an order:

      i.    Entering a declaratory judgment that the Policy does not provide coverage for Plaintiff's claimed business income losses relating to the COVID-19 pandemic at the Scheduled Premises for which Plaintiff seeks a declaration of coverage in the Complaint.

ii.    Denying Plaintiff the relief sought in the Complaint;

iii.   Dismissing the Complaint in its entirety with prejudice;

iv.    Awarding Sentinel its costs and expenses, including its attorneys' fees; and

v.     Awarding Sentinel such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Sentinel Insurance Company, Ltd. hereby demands a trial by jury.


DATED: August 6, 2020                    STEPTOE & JOHNSON LLP

                                         By:    /s/ Anthony J. Anscombe
                                             Anthony J. Anscombe

                                         *Attorneys for Defendant Sentinel Insurance Company, Ltd.*