United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES COLGAN,

    Plaintiff,

v.

SENTINEL INSURANCE COMPANY, LTD.,

    Defendant.

Case No. 20-cv-04780-HSG

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 27

Pending before the Court is Defendant Sentinel Insurance Company's motion for judgment on the pleadings. Dkt. No. 27. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.[1]

**I.  BACKGROUND**

    **A.  Plaintiff's Allegations**

Plaintiff James Colgan brings this insurance action against Defendant based on the denial of Plaintiff's claim for business income loss coverage under the Sentinel business owner's policy, No. 57 SBA BD4683 (the "Policy"). *See* Dkt. No. 1-1 ("Compl.") ¶¶ 2, 6–20. Plaintiff alleges that he incurred losses when his salons closed due to two governmental orders, which "were issued for public health reasons as a result of a pandemic of a disease called coronavirus 2019, or

---

[1] Defendant requests judicial notice of several public documents, including court rulings, hearing transcripts, and minute orders. Dkt. Nos. 28, 31. Plaintiff did not oppose the requests. Because the requested documents are matters of public record and their factual contents are not disputed, the Court **GRANTS** the requests for judicial notice. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotation marks omitted) ("[A] court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute.").

COVID-19." *See id.* ¶¶ 2, 6–10.  First, the City and County of San Francisco issued an order "[e]ffective March 17, 2020, and amended March 31, 2020," requiring "all people in San Francisco to shelter in place at their residences and, further, for all businesses in San Francisco to cease all but specific limited operations at facilities located within" San Francisco County.  *Id.* ¶ 7. Second, "[e]ffective March 19, 2020, the Public Health Officer of the State of California issued Executive Order N-33-20, generally mandating that all individuals living in the State of California stay home or at their place of residence but for limited essential outings." *Id.* ¶ 8.  Plaintiff alleges that he "did not suffer from this virus nor was their evidence that it existed or even threatened his business establishment." *Id.* ¶ 9.  Plaintiff instead contends that he "was physically unable to utilize his business premises and thus lost the physical use thereof" as a result of "these governmental orders." *Id.* ¶ 10.  Plaintiff alleges that Sentinel denied Plaintiff's claim for loss of business income in March 2020. *Id.* ¶ 12.  On the basis of these facts, Plaintiff asserts causes of action for breach of contract and for declaratory relief.  *See id.* ¶¶ 13–20.

**B.    The Policy**

The Policy's Special Property Coverage Form provides that the insurer "will pay for direct physical loss of or physical damage to Covered Property . . . caused by or resulting from a Covered Cause of Loss."  Dkt. No. 13-1 at 34.[2]  "Covered Causes of Loss" is defined as a "RISKS OF DIRECT PHYSICAL LOSS" unless the loss is specifically excluded or limited in other provisions.  *Id.* at 35.

> With respect to "Business Income" coverage, the Policy provides that the insurer
> > will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration."  The suspension must be caused by direct physical loss of or physical damage to property at the "scheduled premises". . . caused by or resulting from a Covered Cause of Loss.

*Id.* at 43.  The Policy provides for "Extra Expense" coverage, detailing that the insurer "will pay reasonable and necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or physical damage to property . .

---

[2] The Policy is incorporated by reference.  *See Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 665 (9th Cir. 2009) ("A court may consider documents, such as the insurance policies, that are incorporated by reference into the complaint.").

. caused by or resulting from a Covered Cause of Loss." *Id.*

With respect to "Civil Authority" coverage, the Policy provides that "insurance is extended to apply to the actual loss of Business Income you sustain when access to your 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises." *Id.* at 44.

The Policy includes a Virus Exclusion provision, which details that the Special Property Coverage Form exclusions include:

> "Fungi", Wet Rot, Dry Rot, Bacteria And Virus
>
> We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss:
>
> (1) Presence, growth, proliferation, spread or any activity of "fungi", wet rot, dry rot, bacteria or virus.

*Id.* at 132. The Policy states that the Virus Exclusion provision does not apply in two instances: (1) when the "virus results from fire or lightning," or (2) when the Policy's Additional Limited Virus Coverage applies. *Id.* And the Additional Limited Virus Coverage "only applies" when the "virus is the result of" a " 'specified cause of loss' other than fire or lightning" or from an equipment breakdown.[3]  *Id.* at 133.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(c) a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quotation omitted). The Court

---

[3] The policy defines a "Specified Cause of Loss" as "[f]ire; lightning; explosion, windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment, sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet, water damage." Dkt. No. 13-1 at 58.

3

1  will "accept factual allegations in the complaint as true and construe the pleadings in the light
2  most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d
3  1025, 1031 (9th Cir. 2008).

**III. DISCUSSION**

**A. Policy Coverage**

The Court finds that Plaintiff has not plausibly alleged a claim for coverage under the Policy. Defendant argues that Plaintiff's allegations do not establish "direct physical loss of or damage to" property, as required by the Business Income and Extra Expense provisions. Mot. at 14. Plaintiff argues that he has sufficiently alleged "direct physical loss of," pointing to a "temporar[y]" loss "of access and use" to his salons. Dkt. No. 29 ("Opp.") at 5. California courts have required a "distinct, demonstrable, physical alteration of the property" or a "physical change in the condition of the property" to demonstrate direct physical loss. *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 771, 779-80, 115 Cal.Rptr.3d 27 (2010); *Ward Gen. Ins. Servs., Inc. v. Employers Fire Ins. Co.*, 114 Cal. App. 4th 548, 556, 7 Cal. Rptr. 3d 844, 851 (2003), *as modified on denial of reh'g* (Jan. 7, 2004) (concluding "loss of the database, with its consequent economic loss, but with no loss of or damage to tangible property, was not a 'direct physical loss of or damage to' covered property"); *see also Mortar & Pestle Corp. v. Atain Specialty Ins. Co.*, No. 20-CV-03461-MMC, 2020 WL 7495180, at *3 (N.D. Cal. Dec. 21, 2020) (same).

When read in context, this interpretation also comports with the "period of restoration" language included in both the Business Income and Extra Expense provisions. These provisions provide coverage for certain losses and expenses incurred during the "period of restoration," which is elsewhere defined as the period that "[b]egins with the date of direct physical loss or physical damage" and ends when the property "should be *repaired, rebuilt or replaced with reasonable speed and similar quality.*" *See* Dkt. No. 13-1 at 57 (emphasis added). Plaintiff's allegations of temporary loss of access and use, which claim no loss requiring repair, rebuilding,

4

1   or replacement, are plainly insufficient.[4]  The Court thus finds that Plaintiff has not plausibly

2   alleged "direct physical loss of or damage to" property, as required by the Policy.[5]

3       **B.**    **Virus Exclusion**

4      Additionally, Plaintiff's losses are not covered because Defendant has met its burden of

5   showing that the Virus Exclusion applies.  As noted, the Virus Exclusion expressly excludes "loss

6   or damage caused directly or indirectly by" a virus.  *See* Dkt. No. 13-1 at 132.  Plaintiff alleges

7   that he incurred losses when his salons closed due to the governmental orders, which were issued

8   because of COVID-19.  *See* Compl. ¶ 9-10.  It is undisputed that COVID-19 is a virus.  *See id.* ¶ 9

9   (alleging Plaintiff "did not suffer from this virus").  Because the alleged losses were "caused

10  directly or indirectly by" a virus, the Virus Exclusion applies under the unambiguous language of

11  the Policy.  Plaintiff seeks to sidestep the Virus Exclusion, arguing that the claimed losses were

12  the result of governmental orders, rather than the virus.  Opp. at 7-8.  Specifically, Plaintiff

13  contends that the "complaint clearly alleges around this exclusion by" stating that he "did not

14  suffer from the virus" and that there was no evidence the virus "even threatened his property."  *Id.*

---

[4] Plaintiff seems to suggest that mere loss of use or access to property constitutes "direct physical loss of or damage" to property.  The Court is unpersuaded by Plaintiff's citations to several out-of-state decisions, the majority of which involved some physical contamination that rendered a property uninhabitable.  *See e.g.*, *Shakespeare Festival Ass'n v. Great Am. Ins. Co.*, No. 1:15-CV-01932-CL, 2016 WL 3267247, at *9 (D. Or. June 7, 2016), vacated, No. 1:15-CV-01932-CL, 2017 WL 1034203 (D. Or. Mar. 6, 2017) (finding property sustained "physical loss or damage" where wildfire smoke made theatre "uninhabitable and unusable"); *Gregory Packaging, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 2:12-CV-04418 WHW, 2014 WL 6675934, at *6 (D.N.J. Nov. 25, 2014) (finding that "ammonia discharge inflicted 'direct physical loss of or damage to" property, where "ammonia physically rendered the facility unusable"); *Port Auth. of New York & New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 236 (3d Cir. 2002) (noting standard for "physical loss or damage" to structure caused by asbestos contamination met where "structure is made useless or uninhabitable" from certain level of asbestos release).  A court in this district rejected a similar argument that loss of use or access constitutes direct physical loss, noting that the cases plaintiff cited "involved an intervening physical force which made the premises uninhabitable or entirely unusable." *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 20-CV-03213-JST, 2020 WL 5525171, at *4 (N.D. Cal. Sept. 14, 2020) (internal quotations omitted).  The court reasoned that for loss of use to establish a "direct physical loss of property," there must be "allegations of a physical force which induced a determinantal change in the property's capabilities." *Id.* at *5 (internal quotations omitted).

[5] The Court agrees that Plaintiff has also failed to state a claim for Civil Authority Coverage, which requires Plaintiff to show "a Covered cause of Loss to property in the immediate area of your 'scheduled premise.'" *See* Dkt. No. 13-1 at 44.  For the same reasons as previously discussed in Section III(A), the Court finds that Plaintiff has not made any plausible allegations of any risks of direct physical loss to his salon, or any property in its immediate area.

at 1. But Plaintiff's proffered distinction defies common sense and Plaintiff's own allegations detailing that these governmental orders "were issued . . . as a result of . . .COVID-19." *See id.* ¶ 9.

Consistent with the analysis adopted by courts throughout the Ninth Circuit, the Court rejects Plaintiff's attempt to avoid the exclusion based on this purported distinction. *See, e.g.*, *Robert W. Fountain, Inc. v. Citizens Ins. Co. of Am.*, No. 20-CV-05441-CRB, 2020 WL 7247207, at *4 (N.D. Cal. Dec. 9, 2020) (noting the plaintiff could not "convincingly argue that its losses were caused by the March 2020 governmental orders while ignoring that those governmental orders were themselves caused by a virus"); *Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.*, No. 20-CV-04434 JSC, 2020 WL 5642483, at *2 (N.D. Cal. Sept. 22, 2020) (rejecting theory that virus exclusion was inapplicable because the loss was purportedly caused by "[c]losure orders rather than the virus"); *Palmdale Estates, Inc. v. Blackboard Ins. Co.*, No. 20-CV-06158-LB, 2021 WL 25048, at *3 (N.D. Cal. Jan. 4, 2021) ("The closure orders were in response to the COVID-19 pandemic, a 'cause of loss' that falls within the Virus Exclusion.").

Plaintiff's invocation of the efficient proximate cause doctrine is unavailing, *see* Opp. at 8, because the virus is the efficient proximate cause of Plaintiff's losses. An efficient proximate cause is "a cause of loss that predominates and sets the other cause of loss in motion." *Boxed Foods Co., LLC v. California Capital Ins. Co.*, No. 20-CV-04571-CRB, 2020 WL 6271021, at *4 (N.D. Cal. Oct. 26, 2020), *as amended* (Oct. 27, 2020) (citing *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 402-03 (1989)). When loss is attributable to a covered cause and an excluded cause, "coverage only exists if the efficient proximate cause of the damage is covered." *Boxed Foods*, 2020 WL 6271021, at *4 (citing *Garvey*, 48 Cal. 3d at 403). In *Boxed Foods*, the court addressed an argument that the governmental orders, and "not solely COVID-19," caused their business losses. 2020 WL 6271021 at *4 (internal quotation marks omitted). But the court explained that "under California law, COVID-19 is the efficient proximate cause of Plaintiffs' losses." *Id.* (citing *Garvey*, 48 Cal. 3d at 402-03). Another court rejected a similar invocation of the efficient proximate cause doctrine, reasoning that "but-for COVID-19, the civil authority orders would not exist, and Plaintiff would not have lost business revenue, making the virus—an

6

exclusion under the Policy—the efficient proximate cause of Plaintiff's losses." *Karen Trinh, DDS, Inc. v. State Farm Gen. Ins. Co.*, No. 5:20-CV-04265-BLF, 2020 WL 7696080, at *4 (N.D. Cal. Dec. 28, 2020) (adopting reasoning of *Boxed Foods*); *see also Robert W. Fountain*, 2020 WL 7247207 at *5 (same). The Court agrees with this reasoning, and concludes that "California's efficient proximate cause doctrine does not save Plaintiff's claim." *See Karen Trinh*, 2020 WL 7696080 at *4 (N.D. Cal. Dec. 28, 2020).

Finally, Plaintiff argues that he is entitled to coverage under one of the two exceptions to the Virus Exclusion. *See* Opp. at 8. As noted, the Virus Exclusion does not apply when there is coverage under the Policy's Additional Limited Virus Coverage. *See* Dkt. No. 13-1 at 132. But Plaintiff has not adequately alleged that this exception applies. The Additional Limited Virus Coverage is detailed in Section B.1, which has six subparts ((a) through (f)). *See id.* at 133-34. With respect to Limited Virus Coverage, subpart (b) indicates that the insurer "will pay for loss or damage by . . . virus." *See id.* at 133. It further specifies that "[a]s used in this Limited Coverage, the term loss or damage means" "direct physical loss or direct physical damage . . . caused by . . . virus," "[t]he cost to tear out and replace any part of the building or other property as needed to gain access to the . . . virus," and potentially "[t]he cost of testing performed after removal, repair, replacement or restoration of the damaged property." *See id.* Importantly, subpart (a) specifies that the Limited Virus coverage "only applies" when the "virus is the result of" an equipment breakdown, or a "specified cause of loss," defined as including "[f]ire; lightning; explosion, windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment, sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet, water damage." *See id.* at 58, 133.

Plaintiff has not alleged that the virus was caused by any equipment breakdown or any of the specified causes of loss, and thus has failed to show the exception applies. *See id.* at 133; *see also Franklin EWC*, 2020 WL 5642483 at *4 (concluding that plaintiffs did not show limited virus provision applied because they did not allege that "the virus was caused by any of the specified causes of loss"). Instead, Plaintiff relies on subpart (f), arguing that subpart (f) is not limited "to certain contributing causes," and that virus-related allegations do not preclude coverage because

7

government orders caused his losses. *See* Opp. at 8. "The terms in an insurance policy must be read in context and in reference to the policy as a whole, with each clause helping to interpret the other." *Sony Comput. Entm't Am. Inc. v. Am. Home Assurance Co.*, 532 F.3d 1007, 1012 (9th Cir. 2008). Accordingly, the Court reads the Limited Virus provision in context, with reference to its subparts, and as an exception to the Virus Exclusion. And the Court agrees that the "Time Element Coverage" provided in subpart (f) does not provide standalone coverage, but instead is triggered when the other requirements of the Limited Virus provision are met. As noted, Plaintiff has not alleged that the virus was caused by the particular specified causes of loss or from an equipment breakdown. Further, subpart (f) requires a "loss which resulted in . . . virus," and Plaintiff specifically alleges that there was no evidence that his salons were contaminated by the virus.

In sum, the Court finds the Defendant has met its burden of showing that the Virus Exclusion applies, and Plaintiff's alleged losses are not covered as a matter of law.

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** the motion for judgment on the pleadings. The Court is skeptical that, given the nature of the dispute and the Court's legal findings, it is possible for Plaintiff to amend the complaint to address these deficiencies. Nonetheless, the Court will grant Plaintiff an opportunity to amend if it may do so consistent with its Rule 11 obligations. Any amended complaint must be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated: January 26, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

8